UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM H. NOLEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION G-06-00489 |
| | § | |
| | § | |
| UNION PACIFIC RAILROAD, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant, Union Pacific's motion for summary judgment. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the court is of the opinion that the defendant's motion should be GRANTED because the plaintiff failed to file his charge within the statutory period and has failed to adduce evidence of a genuine issue of material fact on the issue of unlawful discrimination.

### I. BACKGROUND

Plaintiff, William Nolen, was terminated from his position as Senior Director of Terminal Operations for Union Pacific's Houston Service Unit ("HSU") at the age of 56. According to Union Pacific, Nolen was fired for failing to report 141 out of 344 total unreported derailments[1] that occurred between January 1, 2004 and March 31, 2005. Dkt. 11, Ex. C. The evidence reflects and defendant does not contest that, though other employees and managers were disciplined for failing to report derailments, Nolen was the only employee terminated. *See* Dkt. 11, Ex. B, C.

Nolen received his termination letter on May 10, 2005, stipulating that his pay would cease

---

[1] A derailment is "an incident when there is one or more train wheel[s] that becomes dislodged from the track," and should not be equated with a train tipping to the ground. *See* Dkt. 12 at 8; Dkt. 12, Ex. 1 at 10.

on May 31, 2005. *See* Dkt. 12, Ex. 1. Nolen filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 22, 2006, alleging that Union Pacific terminated his employment because of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 11, Ex A. at 20. The EEOC issued Nolen a right to sue letter on June 28, 2006. *See Id.* at 23. The letter did not dismiss Nolen's claim for untimeliness because Nolen indicated that May 31, 2005 was his date of termination on the charge. *Id.* Though the EEOC was "unable to conclude that the information obtained establishes violations of the statutes," the commission "[did] not certify that [Union Pacific] is in compliance with the statute." *Id.* Nolen filed a complaint with this court alleging age discrimination under the ADEA on July 27, 2006.

## II. ANALYSIS

Defendant requests that the court grant summary judgment in this matter, asserting that the plaintiff failed to file a charge of discrimination within the three-hundred day period required by 29 U.S.C. § 626(d)(2). Defendant also asserts that summary judgment is proper because Nolen has failed to show that Union Pacific's proffered reasons for terminating him are a pretext for age discrimination.

### A. Timeliness of Plaintiff's Discrimination Charge

Defendant argues that plaintiff is time-barred from bringing this lawsuit because he filed his discrimination charge with the EEOC seventeen days after the statutory time-limit. Dkt. 11 at 9-10.

#### 1. Standard of Review

The ADEA requires a plaintiff in a deferral state—like Texas[2]—to file a discrimination

---

[2] A "deferral state" is a jurisdiction which has a state agency equipped to investigate state-law age discrimination claims and is statutorily authorized to resolve disputes through voluntary compliance. *See Morales v. El Mundo Corp.*, 790 F. Supp. 34, 35 (D.P.R. 1992). The purpose of extending the deadline for such states is "to screen from the federal courts those discrimination complaints that might be settled to satisfaction of grievant in state proceedings." *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S. Ct. 2066, 2071 (1979). Note that an aggrieved

charge with the EEOC "within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." 29 U.S.C. § 626(d)(2). "If the complaint is not filed within 300 days, the plaintiff has the burden of demonstrating a factual basis to toll the period." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992), *cert. denied*, 506 U.S. 864, 113 S. Ct. 186 (1992); *see also EEOC v. Gen. Dynamics Corp.*, 849 F. Supp. 1158, 1163 (N.D. Tex. 1994) ("While defendant has the burden to show that limitations has run, plaintiff has the burden of demonstrating that tolling applies.").

    *2.*    *Analysis*

To avoid being time-barred from bringing suit, Nolen's discrimination charge must have either been filed with the EEOC within the 300-day statutory limit, or, if his EEOC charge was not timely filed, Nolen must convince the court that equitable tolling applies.

    a.    <u>The timeliness of plaintiff's charge</u>

The Supreme Court has held that, when dealing with the ADEA statute of limitations, "[the] proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Del. State College v. Ricks*, 449 U.S. 250, 258, 101 S. Ct. 498, 504 (1980). Similarly, The Fifth Circuit has explained that "[t]he time period generally begins to run when the employee receives *notice* of the allegedly discriminatory decision, not when the employment actually ceases." *Conaway*, 955 F.2d at 362 (emphasis added).

Nolen alleges that he was officially terminated on May 31, 2005, because his pay ceased on that day. *See* Dkt. 1 at 3. However, Mr. Malone's termination letter to Nolen, dated May 10, 2005,

---

person, in a state with an agency empowered to remedy age discrimination, *must* resort to the state's appropriate administrative remedies before bringing suit in federal court. *Id.* at 758.

expressly terminated Nolen's employment effective that day.[3]  Dkt. 12, Ex. 1.  Nolen does not

dispute that he was notified of Union Pacific's decision to terminate him on May 10, 2005, the date

he received Mr. Malone's letter.  *See* Dkt. 11, Ex. C at 2.  Nolen also does not dispute that he signed

and dated the EEOC discrimination charge on March 17, 2006, 312 days after he was notified of

Union Pacific's decision to terminate him.  *See* Dkt. 11, Ex. A at 20.  Additionally, the EEOC charge

was actually filed on March 22, 2006, 317 days after notification.  *See* Dkt. 11 at 9.

Applying the Fifth Circuit's standard, the limitations period began running on May 10,

2005—the date Nolen was notified of the allegedly discriminatory employment action.  *See*

*Conaway*, 955 F.2d at 362.  The date Nolen's pay ceased is therefore irrelevant to the legal question

of notification.  *See Ricks*, 449 U.S. at 258.  Nolen therefore signed and filed his EEOC

discrimination charge after the 300-day statutory period.  If the plaintiff wishes to avoid summary

judgment he must show that the time limit should be extended.

b.    Equitable tolling

"While defendant has the burden to show that limitations has run, plaintiff has the burden

of demonstrating that tolling applies."  *Gen. Dynamics*, 849 F. Supp. at 1163.  The Fifth Circuit has

suggested three possible bases for equitable tolling: "(1) a pending action between the parties in the

incorrect forum; (2) the claimant's unawareness of facts supporting her claim because the defendant

intentionally concealed them; and (3) the claimant's being misled by the EEOC about her rights."

*Tillison v. Trinity Valley Elec. Coop., Inc.*, No. 05-11332, 2006 U.S. App. LEXIS 26299, at *4-5 (5th

Cir. 2006) (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003)).  The Fifth

Circuit and the Supreme Court recognize that the equitable tolling doctrine "[is] to be applied

---

[3]  The May 10 letter reads: "Your employment with the Union Pacific Railroad Company is being terminated effective today, however your salary will continue to May 31, 2005." Dkt. 12, Ex. 1.

sparingly." *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002); *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

Though the plaintiff has the burden of demonstrating that the time limit should be equitably tolled, Nolen has not responded to defendant's allegation that his claim is time-barred. *See* Dkt. 12. Further, the only legitimate excuse Nolen might have given—that he was unaware of the discriminatory motive behind his firing until May 31, 2005—does not suffice to toll the statutory period by Fifth Circuit standards.[4]   The Fifth Circuit has presumed that an ADEA plaintiff has constructive knowledge of the alleged discrimination on the date the adverse employment action occurs. *See Conaway*, 955 F.2d at 362; *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 810 (5th Cir. 1991); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).  For example, in *Conaway* the Fifth Circuit refused to accept the plaintiff's excuse that he was ignorant of the discriminatory reason for his termination on the date he was terminated.  *Id.*  The *Conaway* court instead presumed the plaintiff knew of the discrimination on the date he was notified of the adverse employment action.  *Id.*  That court also refused to grant more time based on the plaintiff's contention that the EEOC had misinformed him about the deadline.  *Id.*  Here, Nolen has neither claimed ignorance of the alleged discrimination on the date it occurred, nor offered any excuse for failing to timely file his charge with the EEOC.

---

[4] Though the Fifth Circuit has alluded to the fact that an employee's ignorance of his employer's discriminatory motive could be grounds for equitable tolling, it has never been dispositive to a holding.  *Compare Rhodes v. Guiberson Oil Tools*, 927 F.2d 876, 878 (5th Cir. 1991), *and Clark v. Resistoflex Co.*, 854 F.2d 762, 769 n. 4 (5th Cir. 1988), *with Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 810 (5th Cir. 1991) ("Our decisions have not recognized a plaintiff's excusable ignorance of the defendant's discrimination as a basis for equitable tolling.").  The circuit courts have split as to "whether the limitations period begins to run the instant the discriminatory act occurs, or when the employee discovers it."  *Amburgey*, 936 F.2d at 810 (citations omitted).  The Fifth Circuit has sided with the Fourth Circuit, which held that "it is notice of the employer's actions, not the notice of a discriminatory effect or motivation, that establishes the commencement of the pertinent filing period."  *Hamilton v. 1st Source Bank*, 928 F.2d 86, 89 (4th Cir. 1990); *accord Amburgey*, 936 F.2d at 810; *Barrow*, 932 F.2d at 478.  Thus, pleading ignorance on the date of the adverse employment action, without more, is insufficient to toll ADEA filing deadlines by Fifth Circuit standards.

5

Because the plaintiff failed to meet his burden, and because Nolen was constructively notified of the alleged age discrimination on May 10, 2005, the plaintiff's claim should be considered time-barred, and the defendant is entitled to judgment as a matter of law.

**B.      Sufficiency of the Plaintiff's Summary Judgment Evidence**

Though summary judgment is warranted because the plaintiff's charge was untimely filed, upon weighing the summary judgment evidence this court finds that the plaintiff's showing is insufficient to raise a genuine issue of material fact, as the plaintiff has not offered evidence that the stated reason for Nolen's termination is false or that the decision to terminate him was motivated by age. *See* Dkt. 11 at 8.

*1.      Standard of Review*

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  Upon a defendant's motion for summary judgment, the plaintiff "must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED. R. CIV. P. 56(e). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Note that "[on] summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Id* (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

*2.      Analysis*

To survive summary judgment, the plaintiff must have introduced sufficient evidence to show

that there is a genuine issue as to his age discrimination claim.  Under the ADEA, a "plaintiff must show that '(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.'" *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003) (quoting *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)).  An ADEA plaintiff can show he was "otherwise discharged because of his age" by showing that he was treated less favorably than younger, similarly situated coworkers.  *See Okoye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).  If the plaintiff can establish a *prima facie* case under this standard, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for the adverse employment action.[5] *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Bauer v. Abermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).  If the defendant meets this burden, the burden shifts back to the plaintiff to show the defendant's proffered nondiscriminatory reason is a pretext for age discrimination.  *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 351 (5th Cir. 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).[6]  Though the court seriously doubts that the plaintiff has established a *prima facie* case

[5] The defendant's burden to show a legitimate reason for termination "is only one of production, not persuasion, involving no credibility assessments." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003) (quoting *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)); *see also Porter v. ExxonMobil Corp.*, 246 F. Supp. 2d 615, 620 (S.D. Tex. 2003) (Kent, J.). Defendant is thus permitted to rely—as it has—exclusively on the deposition of Charles Malone, the General Superintendent of HSU, to meet its burden of production. The plaintiff cites the Supreme Court's decision in *Reeves*, arguing that "the court need not believe a shred of testimony offered by self interested witnesses" when weighing evidence on a motion for summary judgment. Dkt. 12 at 7 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097 (2000)). However, this language from *Reeves* deals with how a court may weigh evidence when considering a summary judgment motion, and does not apply to a *McDonnell Douglas* burden-shifting situation. In short, because the defendant has met its burden of production, the plaintiff must produce evidence of pretext sufficient to put the question to a jury.

[6] This burden shifting framework is referred to as the *McDonnell Douglas* framework. *See, e.g.*, *Machinchick*, 398 F.3d at 351.

under this framework, the relevant question at this stage is whether Nolen has produced sufficient evidence—regardless of credibility—to put the question of age discrimination to the jury.  *See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).[7]

Union Pacific terminated Nolen's employment because he failed to report 141 derailments as Senior Director of Terminal Operations.  Dkt. 11 at 6-7.  Nolen, aged 56 at the time of termination, claims that Union Pacific's stated reason for terminating his employment constitutes a pretext for age discrimination for three reasons: He asserts that other younger employees were disciplined to a lesser degree (or not disciplined) for failing to report derailments, and that this allegedly disparate treatment is evidence of age discrimination.  Dkt. 12 at 9.  Nolen also argues that he had no knowledge of any derailments because his subordinates, who were obligated to report derailments to him, did not so report.  Dkt. 12 at 7-9.  He finally suggests that pretext can be inferred by the fact that Mr. Malone referred to Nolen's termination as "retirement" in one letter, and that this amounts to the defendant taking "inconsistent positions with regard to Nolen's disaffiliation."  Dkt. 12 at 10.

The plaintiff has not met his burden of production in this case.  First, Nolen offers no evidence that younger employees that were disciplined to a lesser degree were similarly situated.[8]

---

[7] Defendant cites *West* for the proposition that "[a] plaintiff cannot defeat summary judgment unless he presents substantial evidence" that the legitimate reason for the adverse employment action given by the defendant is a pretext for age discrimination. Dkt. 11 at 11 (citing *West*, 330 F.3d at 385; *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). However, in *West* the Fifth Circuit reviewed a judgment as a matter of law that contradicted a jury verdict. *West*, 330 F.3d at 383-84. Thus, *West* addressed the issue of "whether the record contain[ed] sufficient evidence to support the jury's ultimate findings," and did not consider whether the plaintiff had satisfied his burden of production to withstand summary judgment—the relevant question here. *Id.*

[8] The summary judgment evidence reflects, and Nolen does not contest, that he failed to report far more derailments than any other employee–both older and younger. *See* Dkt. 11, Ex. C at 7 (summarizing the number of derailments each manager failed to report and the discipline they received as a result). Therefore, Nolen cannot show "that others similarly situated were treated more favorably." *Okoye*, 245 F.3d at 512-13 (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)).

And even if there were evidence of that, the plaintiff fails to address the evidence suggesting that the "severity of discipline was correlated to the number of unreported derailments attributed to each manager."  Dkt. 11 at 11 (pointing to defense exhibit C, showing the number of derailments each manager failed to report and the corresponding level of discipline).

Second, Nolen's argument that he could not have been terminated based on his failure to report derailments unknown to him also fails as a matter of law.  A supervisor cannot shirk responsibility for failing to perform his duties by pinning the blame on those he is charged with supervising. *See, e.g.*, *Guillen v. Kuykendall*, 470 F.2d 745, 747 (5th Cir. 1972) (reciting the general principle that "the master is liable for the acts of his servant if the act is committed within the scope of the general authority of the servant in furtherance of the master's business and for accomplishment of an object for which the servant is employed").

Lastly, Union Pacific has not offered "inconsistent explanations" with regards to Nolen's termination.  Rather, Mr. Malone's letter, referring to Nolen's departure from the company as "retirement," is a description of Nolen's employment status, not a reason for termination.  An employer's inconsistent explanations have provided a pretext for discrimination only where the circumstances make such explanations suspect. *See, e.g.*, *Burrell v. Dr. Pepper/Seven Up Bottling Group Inc.*, 482 F.3d 408, 412 (5th Cir. 2007); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Gee v. Principi*, 289 F.3d 342, 347-48 (5th Cir. 2002).  In *Gee*, the Fifth Circuit case relied on by the plaintiff, the employer lied about participating in a meeting, gave inconsistent explanations for why the plaintiff was not selected for a position, and offered reasons for non-selection that contradicted the plaintiff's performance reviews. *Id.*  These circumstances rightly "cast doubt" on the employer's proffered reason for the adverse employment action. *Id.* at 348.  Calling Nolen's departure from the company "retirement" does not render Union Pacific's explanation "unworthy

9

of credence" such that pretext for discrimination can be reasonably inferred.  *Burrell*, 482 F.3d at 412.

### III. CONCLUSION

The plaintiff's claim is time barred under the ADEA.  The 300-day limitations period for filing a discrimination charge with the EEOC began running on the date Nolen was notified of his termination, May 10, 2005.  It is the plaintiff's burden to show that the statute of limitations should be equitably tolled, but Nolen has offered no evidence to excuse himself from complying with the 300-day requirement.  Because the plaintiff has not offered any explanation for failing to file in a timely fashion with the EEOC and because he failed to file—or even sign—the charge within the 300-day period, the defendant's motion for summary judgment is GRANTED.

Moreover, even if the court were to weigh the summary judgment evidence, the plaintiff's claim would still fail as a matter of law.  The defendant met its burden of production in this case by introducing depositions and affidavits favorable to its position.  Under the *McDonnell Douglas* framework, the burden then shifted to the plaintiff to show that defendant's explanations are a pretext for age discrimination.  The plaintiff, without any evidence, asks this court to make inferential leaps in his favor.  Additionally, none of the plaintiff's theories of pretext is sufficient to put the question to the jury.  Plaintiff offers no evidence that younger employees were disciplined to a lesser degree, but even if he had, there is evidence that the degree of discipline correlates to the number of derailments each employee failed to report.  Additionally, the plaintiff's ignorance of his subordinates' misconduct would not relieve him of his duty to discover and report derailments—and would thus not preclude an adverse employment action against him.  Finally, plaintiff has not shown that Union Pacific has proffered inconsistent explanations for his termination–the reason was, and continues to be, his failure to report derailments.  Thus, the plaintiff has failed to meet his burden

of production on his age discrimination claim and summary judgment in favor of the defendant is appropriate.

Signed at Houston, Texas on June 28, 2007.

_____
Gray H. Miller
United States District Judge

11